# PROMISSORY NOTE
## New York

August 17, 2018                                                                                                             $4,000,000.00

**BORROWER**:     Project Verte Inc. ("Borrower")
(Address of residence/chief executive office): c/o Continental Ventures, 641 Lexington Avenue, 24th Floor, New York, NY 10022

**LENDER:**     Zuchaer & Zuchaer Consulting LLC, having an address at 9594 NW 41st Street #206, Doral, FL 33178 (collectively, "Lender")

**Definitions.**  The following terms shall have the indicated meanings in this Promissory Note (this "Note"):

1. **"Maturity Date"** shall mean August 17, 2019.
2. **"New York Business Day"** shall mean any day other than Saturday, Sunday or other day in which commercial lending institutions in New York, New York are authorized or required by law or other governmental action to remain closed for business.
3. **"Principal Amount"** shall mean Four Million Dollars ($4,000,000.00).

**Promise to Pay.**  For value received, intending to be legally bound, Borrower promises to pay to the order of Lender, on or before the Maturity Date, the Principal Amount plus interest as agreed below.  Borrower hereby borrows, and Lender hereby loans, the Principal Amount.

**Interest.**  The unpaid Principal Amount of this Note shall, at all times, earn interest calculated on the basis of a 360-day year for the actual number of days of each year (365 or 366), from and including the date the proceeds of this Note are disbursed to, but not including, the date all amounts hereunder are paid in full, at a rate per year of three (3.0%) percent.

**Maximum Legal Rate.**  It is the intent of Lender and Borrower that in no event shall interest be payable at a rate in excess of the maximum rate permitted by applicable law (the "Maximum Legal Rate").  Solely to the extent necessary to prevent interest under this Note from exceeding the Maximum Legal Rate, Borrower agrees that any amount that would be treated as excessive under a final judicial interpretation of applicable law shall be deemed to have been a mistake and automatically canceled, and, if received by Lender, shall be refunded to Borrower, without interest.

**Default Rate.**  If an Event of Default (defined below) occurs, the interest rate on the unpaid Principal Amount shall immediately be automatically increased to eleven (11%) percentage points per year above the otherwise applicable Interest rate per year, and any judgment entered hereon or otherwise in connection with any suit to collect amounts due hereunder shall bear interest at such default rate.

**Expenses.**  If any liabilities, claims, demands, expenses and obligations of any kind or nature (a "**Liability**") are tendered to or are due and owing by Flowerdale LLC (the "Company") or its members related to the ownership of operation of the Company prior to the date hereof, then the Principal Amount shall be reduced by the amount of the Liability.

**Payments.**  Payments shall be made in immediately available United States funds at Lender's Office at 9594 NW 41st Street #206, Doral, FL 33178, pursuant to Lender's wiring instructions.

**Interest Accrual; Application of Payments.**  Interest will continue to accrue on the actual principal balance outstanding until the Principal Amount is paid in full.  All installment payments (excluding voluntary prepayments of principal) will be applied as of the date each payment is received and processed.  Payments may be applied in any order in the sole discretion of Lender, but, prior to an Event of Default, may be applied chronologically (i.e., oldest invoice first) to unpaid amounts due and owing, in the following order: first to accrued interest, then to principal.

**Repayment Terms.**  Borrower shall pay to Lender the Principal Amount and all interest owing pursuant to this Note on the Maturity Date.

**Late Charge.**  If Borrower fails to pay, within fifteen (15) days of its due date, any amount due and owing pursuant to this Note or any other agreement executed and delivered to Lender in connection with this Note, Borrower shall immediately pay to Lender a late charge equal to the greatest of (a) $50.00 or (b) five percent (5%) of the delinquent amount; provided, however, a late charge shall not be due on amounts due on the Maturity Date.

**Prepayment.**  During the term of this Note, Borrower shall have the option of paying the unpaid Principal Amount to Lender in advance of the Maturity Date, in whole or in part, at any time and from time to time upon written notice to Lender.

**Representations, Warranties and Covenants.**  Borrower represents and warrants to and agrees and covenants with Lender that now and until this Note is paid in full:

   a. **Business Purpose.**  The Loan proceeds shall be used only for a business purpose and not for any personal, family or household purpose.

   b. **Good Standing; Authority.**  Borrower is a corporation duly organized and existing and in good standing under the laws of the jurisdiction in which it was formed.

**Events of Default.**  An "Event of Default" under this Note, includes, without limitation, Borrower's breach of any obligations hereunder.  The maturity of this Note shall be accelerated and all amounts under this Note shall become immediately due and payable without any notice, demand, presentment or protest of any kind (each of which is waived by Borrower) (a) automatically, if Borrower or Mortgagor commences any bankruptcy or insolvency proceeding, if voluntary, or upon the lapse of one hundred fifty (150) days without dismissal thereof, if involuntary; (b) at the sole

option of Lender, upon or at any time or from time to time after the existence of an Event of Default; and (c) upon the Maturity Date. After maturity, interest on the outstanding Principal Amount shall accrue at the Default Rate and Lender's acceptance of any partial payment of the outstanding Principal Amount and/or payment of accrued interest shall not affect that all amounts under this Note are due and payable in full.

**Rights and Remedies Upon Default.** Upon the occurrence of any Event of Default, Lender without demand of performance or other demand, presentment, protest, advertisement or notice of any kind (except any notice required by law) to or upon the Borrower or any other person (all and each of which demands, presentments, protests, advertisements and notices are hereby waived), may exercise all rights and remedies under the Borrower's agreements with Lender, applicable law, in equity or otherwise and may declare all or any part of any amounts due hereunder not payable on demand to be immediately due and payable without demand or notice of any kind and terminate any obligation it may have to grant any additional loan, credit or other financial accommodation to the Borrower. All or any part of any amounts due hereunder whether or not payable on demand, shall be immediately due and payable automatically as provided in clause (a) of the immediately preceding paragraph, or at Lender's option, upon the occurrence of any other Event of Default. The provisions hereof are not intended in any way to affect any rights of Lender with respect to any amounts due hereunder which may now or hereafter be payable on demand.

**Miscellaneous.** This Note contains the entire agreement between Lender and Borrower with respect to the Note, and supersedes every course of dealing, other conduct, oral agreement and representation previously made by Lender. All rights and remedies of Lender under applicable law and this Note or amendment of any provision of this Note are cumulative and not exclusive. No single, partial or delayed exercise by Lender of any right or remedy shall preclude the subsequent exercise by Lender at any time of any right or remedy of Lender without notice. No waiver or amendment of any provision of this Note shall be effective unless made specifically in writing by Lender. No course of dealing or other conduct, no oral agreement or representation made by Lender, and no usage of trade, shall operate as a waiver of any right or remedy of Lender. No waiver of any right or remedy of Lender shall be effective unless made specifically in writing by Lender. Borrower agrees that in any legal proceeding, a copy of this Note kept in Lender's course of business may be admitted into evidence as an original. This Note is a binding obligation enforceable against Borrower and its successors and assigns and shall inure to the benefit of Lender and its successors and assigns. If a court deems any provision of this Note invalid, the remainder of the Note shall remain in effect. Section headings are for convenience only. Singular number includes plural and neuter gender includes masculine and feminine as appropriate.

**Notices.** Any demand or notice hereunder or under any applicable law pertaining hereto shall be in writing and duly given if delivered to Borrower (at its address above) or to Lender (at the address on page). Such notice or demand shall be deemed sufficiently given for all purposes when delivered (i) by personal delivery and shall be deemed effective when delivered, or (ii) by mail or courier and shall be deemed effective three (3) business days after deposit in an official depository maintained by the United States Post Office for the collection of mail or one (1) business day after delivery to a nationally recognized overnight courier service (*e.g.,* Federal Express), with a copy by email. Notice exclusively by e-mail is not valid notice under this or any other agreement between Borrower and Lender.

**Governing Law; Jurisdiction.** This Note has been delivered to and accepted by Lender and will be deemed to be made in the State of New York. Except as otherwise provided under federal law, this Note will be interpreted in accordance with the laws of the State of New York excluding its conflict of laws rules. **BORROWER HEREBY IRREVOCABLY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT IN NEW YORK STATE IN NEW YORK COUNTY AND CONSENTS THAT LENDER MAY EFFECT ANY SERVICE OF PROCESS IN THE MANNER AND AT BORROWER'S ADDRESS SET FORTH ABOVE FOR PROVIDING NOTICE OR DEMAND; PROVIDED THAT NOTHING CONTAINED IN THIS NOTE WILL PREVENT LENDER FROM BRINGING ANY ACTION, ENFORCING ANY AWARD OR JUDGMENT OR EXERCISING ANY RIGHTS AGAINST BORROWER INDIVIDUALLY, AGAINST ANY SECURITY OR AGAINST ANY PROPERTY OF BORROWER WITHIN ANY OTHER COUNTY, STATE OR OTHER FOREIGN OR DOMESTIC JURISDICTION.** Borrower acknowledges and agrees that the venue provided above is the most convenient forum for both Lender and Borrower. Borrower waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Note.

**Waiver of Jury Trial.** **BORROWER AND LENDER HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT TO TRIAL BY JURY BORROWER AND LENDER MAY HAVE IN ANY ACTION OR PROCEEDING, IN LAW OR IN EQUITY, IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS RELATED HERETO. BORROWER REPRESENTS AND WARRANTS THAT NO REPRESENTATIVE OR AGENT OF LENDER HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WILL NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THIS JURY TRIAL WAIVER. BORROWER ACKNOWLEDGES THAT LENDER HAS BEEN INDUCED TO ENTER INTO THIS NOTE BY, AMONG OTHER THINGS, THE PROVISIONS OF THIS SECTION.**

**Acknowledgment.** Borrower acknowledges that it has read and understands all the provisions of this Note, including the provisions relating to **Governing Law, Jurisdiction** and **Waiver of Jury Trial**, and has been advised by counsel as necessary or appropriate.

Signature of Witness

Typed Name of Witness: Benjamin Gordon

Project Verte Inc.
BORROWER

By: _____
Amir Chaluts, Vice President

## ACKNOWLEDGMENT

STATE OF NEW YORK      )
                                            : SS.
COUNTY OF ~~NEW YORK~~ NASA )

On the 17 day of August, in the year 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared Jane Gol, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(ies), and that by his signature(s) on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STEPHANE IFRAH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01IF6317973
Qualified in New York County
Commission Expires Jan. 20, 2019

3