ASSIGNMENT OF MEMBERSHIP INTERESTS IN FLOWERDALE LLC

This Assignment ("**Assignment**") of Membership Interests in Flowerdale LLC, a Texas limited liability company (the "**Company**"), is made by Zuchaer & Zuchaer Consulting LLC, having an address at 2414 NW 87TH Place, Doral, FL 33172 ("**Assignor**") to Project Verte Inc., having an address at c/o Continental Ventures, 641 Lexington Avenue, 24th Floor, New York, NY 10022("**Assignee**"), as of the effective date set forth below (the "**Transfer Date**").

WITNESSETH:

WHEREAS, Assignor is the sole member of the Company, and the sole owner of one hundred percent (100%) of the membership interest in the Company (the "**Membership Interests**");

WHEREAS, the Company is a single purpose entity and is the fee owner of the land in Dallas, Texas known by the approximate addresses 3200 Stag Rd – Tract B (referenced as tract 1 and 2 on the survey attached hereto as Exhibit B) and 3450 E. Ledbetter Dr. - Tract 2 (referenced as tract 3 on the survey), both in Dallas, Texas (collectively, the "**Property**") and is the owner of no other assets.

WHEREAS, Assignor desires to assign 100% of its Membership Interest in the Company (the "**Assigned Interest**") to Assignee, and Assignee agrees to purchase the Assigned Interests from Assignors on the terms and conditions described below.

WHEREAS, in consideration of the covenants and representations herein and the payments described below and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Assignor and Assignee hereby agree to the following terms and conditions.

NOW THEREFORE, in consideration of the land located at approximately 3200 Stag Rd., Dallas, Texas, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. ASSIGNMENT OF INTEREST
   Assignor hereby irrevocably and unconditionally assigns, transfers and conveys to Assignee all of Assignor's rights, title and interest in the Assigned Interest in the Company to Assignee as of the date hereof.

2. CONSIDERATION –
   In consideration of the transfer and assignment of the Assigned Interest by Assignor to Assignee hereunder, Assignee shall pay to Assignor One Hundred Dollars ($100) and give a promissory note in the principal amount of Four Million ($4,000,000) Dollars from Assignee in favor of Assignor.

3. REPRESENTATIONS, WARRANTIES AND COVENANTS.
Assignor hereby represents, warrants and covenants to the Assignee that:

(a) Assignor is the sole legal and beneficial owner of the Assigned Interest in the Company;

(b) Assignor has good title to the Assigned Interest in the Company to be sold and have full power and authority to transfer and assign the Assigned Interest and has taken all actions necessary to execute and deliver this Assignment and to fulfill its obligations hereunder and to consummate the transactions contemplated hereby;

(c) this Assignment has been duly executed and delivered by Assignor and constitutes its legal, valid and binding obligations, enforceable against Assignor in accordance with its terms;

(d) there is no bankruptcy, insolvency, rearrangement or similar action or proceeding, whether voluntary or involuntary, pending against Assignor or the Company;

(e) no litigation or other proceedings are pending or, to Assignor's knowledge, threatened against Assignor or the Company that may adversely affect the transactions described in this Assignment;

(f) there are no judgments or liens against the Assignor or the Company that may adversely affect the transactions described in this Assignment;

(g) all approvals, authorizations or other actions by, or filings with, any governmental authority necessary for the validity or enforceability of Assignor's obligations under this Assignment have been obtained;

(h) this Assignment will not cause the Company to be treated as an association taxable as a corporation for Federal income tax purposes;

(i) this Assignment will not cause the Company to be treated as a "publicly traded partnership" within the meaning of Section 7704 of the Internal Revenue Code of 1986, as amended;

(j) no broker, finder or other person or entity acting pursuant to the authority of Assignor or any affiliate, parent company or subsidiary of Assignor is entitled to any broker's fee or other commission in connection with the assignment of the Assigned Interest described herein;

(k) without implying that the Assigned Interest are "securities" within the meaning of applicable securities laws, Assignor have made no offer to sell or solicitation of any offer to buy all or any portion of the Assigned Interest in a manner that would violate or require registration under applicable securities laws;

(l) this Assignment will not violate the Securities Act of 1933, as amended, or any other applicable Federal or state securities laws, rules or regulations;

(m) The Company has no liabilities, real or contingent, and has paid all accounts receivables and debts as of the date hereof;

(n) The Company has filed all federal, state and other tax returns which are required to be filed by it and has paid or made provision for the payment of all taxes due pursuant to such tax returns or pursuant to any assessment which is not being contested. The provision made for taxes on the balance sheet provided to Assignee is sufficient for the payment of all accrued and unpaid federal, state, county, municipal and local tax liabilities of the Company for the period then ended and for all years prior thereto. Federal income tax returns of the Company have not been audited by the United States Internal Revenue Service, and the Company has not waived any statute of limitations governing federal and state income tax claims.

The representations, warranties and covenants contained in this Section 3 shall survive the assignment and transfer of the Assigned Interest.

4. INDEMNITY
Assignor agrees to indemnify, defend and hold Assignee harmless from and against all liabilities, claims, demands, expenses and obligations of any kind or nature, known or unknown, fixed or contingent, caused by, resulting from, relating to, or arising out of (i) the Assigned Interest, (ii) the Company, or (iii) the ownership, maintenance or operation of the Property and all expenses related thereto, including but not limited to, court costs and reasonable attorneys' fees, accruing before the Transfer Date.

5. APPROVAL AND RELEASE
The LLC hereby approves the transfer of the Membership Interest from Assignor to Assignee. Assignor and LLC indemnify Assignee for all claims arising prior to the date of transfer of membership interest.

6. NOTICE:
All notices, requests, claims, demands and other communications hereunder (collectively, "**Notice**") shall be in writing and shall be furnished by hand, or by nationally recognized overnight courier service (e.g., Federal Express) to

the parties at the addresses set forth below. Any such notice shall be deemed duly given upon the date received (if given by hand) or upon the first business day following the date the Notice is delivered to such courier service, with a copy by email. Notices must be addressed to the Assignor at the address set forth below, unless the same shall have been changed in accordance with the terms of this **Section 6**. All notices to Assignee must be addressed to Assignee at the address set forth below.

For Project Verte Inc:
Project Verte Inc.
160 Greentree Dr. #101 Dover, DE 19904
Attn: _____
Email:

With copy to:
Project Verte Inc.
c/o Continental Ventures
641 Lexington Avenue
24th Floor
Attn: Jane Gol
Email: jgol@continentalventures.com

For: Zuchaer & Zuchaer Consulting LLC
Zuchaer & Zuchaer Consulting LLC.
2414 NW 87th Place
Doral, FL 33172
Attn:
Email:

With copy to:

_____
_____
Attn:
Email:

For: Flowerdale LLC

_____
_____
Attn:
Email:

7. CAPTIONS. The captions and headings used in this Assignment are for convenience only and do not in any way affect, limit, amplify or modify the terms and provisions hereof.

8. GOVERNING LAW. This Assignment and the rights of Assignor and Assignee shall be governed by, interpreted and enforced in accordance with the internal laws of the State of Delaware without regard to principles of conflicts of laws.

9. COUNTERPARTS. This Assignment may be executed in several counterparts. Any counterpart of this Agreement may be executed by original or by .PDF copy delivered by e-mail, and shall be binding on the parties hereto. If so executed, each of such counterparts shall be deemed an original for all purposes and all counterparts shall, collectively, constitute one agreement. In making proof of this Assignment, it shall not be necessary to produce or account for more than one such counterpart.

10. PARTIES BOUND. This Assignment shall be binding upon and inure to the benefit of Assignor and Assignee, and their respective successors and assigns.

11. ADDITIONAL ACTS. Assignor and Assignee hereby agree to perform, execute and/or deliver or cause to be performed, executed and/or delivered hereafter, any and all such further acts, deeds, documents and assurances as Assignor and Assignee may reasonably require to either (a) evidence and vest in Assignee the ownership of, and title to the Assigned Interest and (b) consummate the transactions described in this Assignment, including but not limited to executing the Amendment to the Limited Liability Company Agreement of the Company.

12. SEVERABILITY. If any provision of this Assignment is deemed invalid, illegal or unenforceable, such provision shall be construed as narrowly as possible to allow Assignor and Assignee to be afforded the benefits and protection of this Assignment. Such provision shall be severable from the rest of this Assignment and the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby, and shall continue in full force and effect.

**[Signature Page Follows]**

IN WITNESS WHEREOF, this Assignment is executed as of __08/14th__, 2018.

Assignor;
Zuchaer & Zuchaer Consulting LLC.
2414 NW 87th Place
Doral, FL 33172

By: _____
Name: HOSHG BUCHAER
Title: OWNER

WITNESS: _____

Assignee: Project Verte Inc.
160 Greentree Dr. #101
Dover, DE 19904

By: _____
Name: JULIAN KAHLON
Title: MEMBER

STATE OF _FLORIDA_ )
: SS.
COUNTY OF _MIAMI-DADE_ )

On the _14th_ day of August, in the year 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared _JOSUE BUCHAN_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(ies), and that by his signature(s) on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

FEDERICO ALBERTO
Notary Public - State of Florida
Commission # GG 003476
My Comm. Expires Jun 19, 2020
Bonded through National Notary Assn.

STATE OF _New York_ )
: SS.
COUNTY OF _New York_ )

On the _16_ day of August, in the year 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared _Julian Kahlon_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(ies), and that by his signature(s) on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

SUMANTA MAISULS-DESROCHERS
Notary Public, State of New York
No. 01MA6296163
Qualified in New York County
Commission Expires January 27, 2022

# SURVEY

