# ROSENBERG & STEINMETZ PC



181 SOUTH FRANKLIN AVENUE
STE 604
VALLEY STREAM, NY 11581

295 MADISON AVENUE, 12TH FL
NEW YORK, NY 10017

212 743-9904
*facsimile*  212 743-9916

WWW.RSPCLAWYERS.COM

March 3, 2021

**VIA ECF ONLY**
Leonard F. Lesser, Esq.
Simon Lesser PC
355 Lexington Avenue, 10th Fl.
New York, NY 10017

      Re: *Zuchaer and Zuchaer Consulting LLC v. Project Verte Inc.*
      SDNY Case No. 20-cv-08703 (VM)

Dear Mr. Lesser,

    As you are aware, this firm represents plaintiff Zuchaer and Zuchaer Consulting LLC ("Plaintiff") and counterclaim-defendant Moshe Zuchaer ("Zuchaer"). Pursuant to the Court's Individual Practices Rule II(B), this is to advise you of the legal deficiencies in the Answer & Counterclaims (the "Counterclaims") [Docket No. 13] filed by defendant Project Verte Inc. ("Verte"), and of our intent to file a motion to dismiss the Counterclaims.

    In its complaint (the "Complaint") [Docket No. 1], Plaintiff seeks to collect on a promissory note (the "Note") in the sum of $4 million, executed by Verte. The Note was executed in connection with an Assignment of Membership Interest (the "Assignment") [Docket No. 13, Exhibit 1] by which Plaintiff sold to Verte its 100% membership interest in a Texas limited liability company, Flowerdale LLC ("Flowerdale"). The Note matured and has not been repaid.

    Verte alleges a complicated conspiracy by Plaintiff and several non-parties including Joseph Kahlon, one of Verte's owners, and Plaintiff's principal, Zuchaer. The Counterclaims include two counts for fraud, one seeking recission of the Assignment and one for damages and a third count for breach of the Assignment. The basis for the Counterclaims is a "whereas" clause in the Assignment that references three property tracts (the "Three Tracts"), when Flowerdale only owned two tracts (the "Two Tracts"). The Counterclaims also make certain unsubstantiated claims concerning a non-party, Avi Yehuda, but have failed to include Mr. Yehuda as a party. FRCP 19. The Counterclaims fail to state a claim upon which relief can be granted. FRCP 12(b)(6).

**A.  There is no Personal Jurisdiction Over Moshe Zuchaer**

    There is no basis to assert personal jurisdiction over Zuchaer in this action. Verte bears the burden of establishing a prima facie basis for personal jurisdiction over Zuchaer in response to a motion to dismiss. *CFTC v. TFS-ICAP, LLC*, 415 FSupp3d 371 (SDNY 2019). Verte must either establish general jurisdiction under NY CPLR 301, or long-arm jurisdiction under NY CPLR 302.

    To establish general jurisdiction, Verte must show "continuous and systematic" contacts by Zuchaer in New York so as to render him "essentially at home" in New York. *Sonera Holding*

*B.V. v. Cukurova Holding A.S.*, 750 F3d 221, 225 (2d Cir. 2014). The Counterclaims do not contain any allegations that would meet this test. Zuchaer lives in Florida and does not transact any business, have any bank accounts, own any real property or employ anyone in New York. CPLR 302, provides for long arm jurisdiction over a foreign individual. *Jonas v. Estate of Leven*, 116 FSupp3d 314, 323-324 (SDNY 2015). None of these apply or have been pled as to Zuchaer. Verte is a Delaware corporation with a principal place of business in Georgia, and the Assignment involves Texas property.

Verte alleges the court has jurisdiction over Zuchaer because Plaintiff commenced this action in New York. (Counterclaims ¶10). However, this is insufficient to establish jurisdiction over Zuchaer. "If an individual is sued in his individual capacity, but only had contact with New York as an officer of a corporation acting within the scope of his employment, that individual is not subject to personal jurisdiction in New York." *Seaweed Inc. v. DMA Prod. & Design Mktg., LLC*, 219 FSupp2d 551, 554 (SDNY 2002). While commencement of this action satisfied personal jurisdiction over Plaintiff, there is no basis to extend that to Zuchaer. *AMPA Ltd. v. Kentfield Capital LLC*, 2001 WL 204198 *2 n.5 (SDNY 2001).

## B. The Fraud Counterclaims Must be Dismissed

First, the fraud counts should be dismissed as they are entirely duplicative of Verte's breach of contract claim. *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 FSupp2d 162 (SDNY 2011)[1]. Verte's fraud and contract claims both allege that the Assignment did not result in a transfer of Three Tracts. In order to sustain a fraud claim in conjunction with a breach of contract claim, a plaintiff must either: (i) "demonstrate a legal duty separate from the duty to perform under the contract"; (ii) "demonstrate a fraudulent misrepresentation collateral or extraneous to the contract"; or (iii) "seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F3d 13,19 (2d Cir. 2018). Verte cannot meet this test. The Assignment was an arms-length transaction between sophisticated parties and there were no obligations other than contractual.

Second, the fraud counts fail because Verte will be unable to show justifiable reliance. *Bridgestone*, *supra*, 98 F3d at 19; *See also Hauspie v. Stonington Partners, Inc.*, 945 A2d 584 (Sup. Del. 2008) (same). "A party entering into a transaction has a duty to conduct an independent appraisal of the risk it is assuming and a duty to investigate the nature of its business transaction. Reasonable reliance may be found wanting where the plaintiff failed to conduct its own diligent research into the risks or benefits of a particular transaction. Sophisticated parties may well be under a duty to make affirmative efforts to protect themselves from misrepresentations, and cannot be heard to complain when they fail to make diligent inquiries." *Granite Partners L.P. v. Bear, Sterns & Co., Inc.*, 58 FSupp2d 228, 259 (SDNY 1999). Indeed, [w]here a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he [or she] cannot claim justifiable reliance on [the] defendant's misrepresentations." *Tanzman v. La Pietra*, 8 AD3d 706, 708 (3d Dep't 2004) (dismissing fraud claim on grounds that plaintiff could not have relied on defendant's misrepresentation that it owned the property that was the subject of the transaction where plaintiff took no steps to ascertain true

---

[1] The Note provides for New York choice of law. In the event the Court determines Delaware law is applicable per the Assignment, the same arguments apply. For the sake of brevity for this letter, only New York law is being cited.

ownership of the property "such as requesting a copy of the deed, reviewing title or checking public records").

The deeds that reflect the ownership of the Three Tracts are a matter of public record and available for anyone to review at any time. *See,* DCAD: Find Property By Owner Name (dallascad.org). This online search shows that Flowerdale only owned Two Tracts. Here, Verte, a sophisticated entity, cannot claim justifiable reliance on purported misrepresentations where even a basic investigation would have revealed that Flowerdale was the owner of only Two Tracts.[2]

Third, the fraud counts fail in that they do not include the requisite particularity to satisfy FRCP 9(b). *Harsco Corp. v. Segui*, 91 F3d 337, 347 (2d Cir. 1996). The Counterclaims do not identify any false statement by Plaintiff or Zuchaer except to allege that a single "whereas" cause was false. Verte also impermissibly conjoins multiple parties without pleading which defendant made which misrepresentation. *See e.g.* Counterclaims ¶60.

## C. The Breach of Contract Counterclaim Must be Dismissed

Verte's contract counterclaim is deficient for several reasons. First, there can be no breach of contract claim against Zuchaer as he is not a party to the Assignment and executed it only on behalf of Plaintiff. *Dember Constr. Corp. v. Staten Is. Mall*, 56 AD2d 768 (1st Dep't 1977). Corporate officers are not personally liable on contracts signed on behalf of their entities. *Westminster Const. Co., Inc. v. Sherman*, 160 AD2d 867 (2d Dep't 1990).

Second, Verte cannot identify a single operative clause of the Assignment that Plaintiff has breached. The Assignment required Plaintiff to assign the Flowerdale membership interests to Verte. Verte has not claimed, nor could it, that Plaintiff has not complied with any of fourteen specific representations and warranties made in Paragraph 3 of the Assignment. Instead, Verte relies on a recital clause to support its claim.[3] However, it is well settled that recital clauses in an agreement do not create contractual obligations. *Abraham Zion Corp. v. Lebow*, 761 F2d 93 (2d Cir. 1985) (a whereas clause "cannot create any right beyond those arising from the operative terms of the document"). It is indisputable that there is no operative clause in the Assignment stating that Flowerdale owns Three Tracts.

To the extent that Verte relies on the alleged statement by non-party Avi Yehuda that Plaintiff could not assign its interest in Flowerdale, this unsubstantiated allegation by itself cannot form the basis for a breach of contract claim. Yehuda has not filed any such claim in any court, and to this day Verte maintains an unfettered right to dispose of the Flowerdale interest and the Two Tracts as it sees fit.

For the foregoing reasons, please consider withdrawing the Counterclaims.

Very truly yours,

Rachelle Rosenberg

---

[2] Indeed, Verte performed extensive due diligence including a full title search.
[3] The "whereas" clause as drafted by Verte's counsel also includes the incorrect address for the Two Tracts.