# ROSENBERG & STEINMETZ PC

181 SOUTH FRANKLIN AVENUE
STE 604
VALLEY STREAM, NY 11581

295 MADISON AVENUE, 12TH FL
NEW YORK, NY 10017

212 743-9904
*facsimile*  212 743-9916

WWW.RSPCLAWYERS.COM



March 15, 2021

**VIA ECF ONLY**

Honorable Victor Marrero
United State District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Zuchaer and Zuchaer Consulting LLC v. Project Verte Inc.*
    SDNY Case No. 20-cv-08703 (VM)

Your Honor,

    On behalf of Counterclaim-Defendants Zuchaer and Zuchaer Consulting LLC ("Plaintiff" or "Z&Z LLC") and Moshe Zuchaer ("Zuchaer" together with Z&Z LLC, the "Zuchaer Counterclaim Defendants"), I write to respectfully request permission to file a motion to dismiss the three counterclaims alleged against the Zuchaer Counterclaim Defendants in the Answer & Counterclaims (the "Counterclaims") [Docket No. 13] filed by defendant Project Verte Inc. ("Verte").

    Pursuant to this Part's rules, I sent Verte's counsel a letter, dated March 3, 2021 [Docket No. 22] attached as Exhibit A hereto.

    This action was commenced by Plaintiff to seek collection on a promissory note (the "Note") in the sum of $4 million, executed by Verte. The Note matured on August 17, 2020 and no payment has been made. [Docket No. 1]. The Note was payment for an Assignment of Membership Interest (the "Assignment") [Docket No. 13, Exhibit 1] by which Plaintiff sold to Verte its 100% membership interest in a Texas limited liability company, Flowerdale LLC ("Flowerdale").

    The Counterclaims include two counts for fraud, one seeking recission of the Assignment and one for damages and a third count for breach of the Assignment. My March 3rd letter to Verte's counsel, Leonard Lesser, set out certain deficiencies in the Counterclaims, including but not limited to:

    i)    lack of personal jurisdiction against Zuchaer, a Florida resident;
    ii)    failure to name a necessary party, Avi Yehuda, the individual that Verte claims is challenging its interest in Flowerdale;
    iii)    failure to state a cause of action as the fraud claim is duplicative of the breach of Assignment claim;

  iv)  failure to demonstrate the necessary element of reliance as the Counterclaim is based on an allegation that the Assignment included a "whereas" clause that stated there were three tracts of land owned by Flowerdale, when in actuality public records and any title search showed it was only two;

  v)  failure to plead fraud with particularity; and

  vi)  failure to plead a breach of Assignment based on a "whereas" clause.

  Verte's attorney responded to my March 3, 2021 letter by letter dated March 10, 2021 [Docket No. 23] Exhibit B attached hereto. Mr. Lesser addresses some, but not all the arguments set forth in my letter. Verte has agreed to withdraw the breach of Assignment as against Zuchaer but maintains the remaining claims are valid.

  Mr. Lesser sets forth Verte's factual claims for the Counterclaims, which appear to be based on a dispute between Verte's principals and do not involve the Zuchaer Counterclaim Defendants. Mr. Lesser argues that there is personal jurisdiction against Zuchaer based on the Note being made in New York. However, Zuchaer is not a party to the Note. Additionally, the Counterclaims are not based on the Note, but on the Assignment, which was not made in New York.

  Verte maintains that the Counterclaims are not duplicative as it alleged that the Zuchaer Counterclaim Defendants misrepresented present facts concerning the Assignment. Verte maintains the "whereas" clause is valid grounds for fraud and breach of the Assignment. Verte does not address the fact that a simple website search would have shown that Flowerdale does own three parcels. Verte does not address that this "whereas" clause also had wrong addresses and was drafted by Verte's counsel. Finally, a recital paragraph is not an obligation in a contract. The Assignment included a "Representations" section which did not include any representation concerning the land owned.

  The Zuchaer Counterclaim Defendants maintain that a motion to dismiss the Counterclaims is appropriate wherein a full argument on the law can be briefed. This letter is to respectfully request a conference on this matter. Currently, the Zuchaer Counterclaim Defendants' time to answer or respond to the Counterclaims is due on March 19, 2021. In the event this matter is not resolved by March 19, 2021, this is to request an extension of time to so respond.

            Very truly yours,

            Rachelle Rosenberg