# SIMON■LESSER PC

Leonard F. Lesser
llesser@simonlesser.com

Simon■Lesser PC
Counsellors at Law
355 Lexington Avenue, 10th Floor
New York, New York 10017
T: 212.599.5455
F: 212.599.5459

March 10, 2021

**By ECF**
Rachelle Rosenberg, Esq.
Rosenberg & Steinmetz PC
181 South Franklin Avenue, Ste 604
Valley Stream, New York 11581

Re:   *Zuchaer and Zuchaer Consulting LLC v. Project Verte Inc., et al.*, 20-cv-08703 (VM)

Dear Ms. Rosenberg:

Pursuant to Rule II(B) of Judge Marrero's Individual Practices, this responds to your March 3, 2021 letter (ECF Doc. 22).

Your letter attempts to frame this action as a simple breach of contract suit on the Promissory Note issued by defendant Project Verte Inc. ("Project Verte") to plaintiff Zuchaer and Zuchaer Consulting LLC ("Z&Z") attached to the Complaint.  (ECF Doc. 1-1).  That is wrong.

Rather, as detailed in the Counterclaims, the Promissory Note was part of a fraud committed by Z&Z, its sole owner counterclaim defendant Moshe Zuchaer ("Zuchaer"), as well as counterclaim defendants Jossef Kahlon and his company, TNJ Holdings, Inc. ("TNJ").  The Counterclaims delineate that in 2017, Kahlon, and Project Verte principals Jane Gol ("Gol") and Amir Chaluts ("Chaluts"), agreed to start a business offering technology and fulfillment solutions for retail and ecommerce businesses.  Gol and Chaluts were looking to invest in warehouses after identifying trends in ecommerce.  Kahlon represented that he owned property in Dallas, Texas valued at $14 million consisting of three (3) Tracts that he would contribute to the venture, which could be developed with a 2-million square foot warehouse and could serve as a flagship for the logistics and technology venture.  As it turned out, however, very little about what was promised was true: the land was worth only $900,000, not $14 million; Kahlon did not own the land – a different entity, Flowerdale LLC ("Flowerdale") allegedly did; that entity did not even own all of the land it represented it owned – Kahlon's entity, TJ Management Group, LLC, owned one parcel (Tract 3) that was supposed to have been conveyed; and, Z&Z (which claimed it owned 100% of the membership interest in Flowerdale) did not have the right to convey the other two parcels (Tracts 1 and 2) because they could not be transferred without prior written consent of a third party, Avraham Yehuda ("Yehuda"), which it did not obtain.  Put simply, the fundamental purpose of the land transfer failed completely.  (Counterclaims, ECF Doc. 13 ¶¶ 16-51).

The Counterclaims further detail that Project Verte was fraudulently induced into purchasing from Z&Z the membership interest in Flowerdale based on the misrepresentations made by Zuchaer, sole owner of Z&Z, that Z&Z owned the three (3) separate Tracts in exchange for the $4 million Promissory Note, and crediting Kahlon through TNJ, with purportedly having made an $8 million loan to Project Verte.  As to the Promissory Note, the Counterclaims particularize that its consideration was the Flowerdale Assignment, wherein Zuchaer, as sole owner of Z&Z, represented that it owned all three (3) Tracts identified in the survey attached to the Flowerdale Assignment (the "Survey") defined collectively therein as the "Property."  (Flowerdale Assignment, ECF Doc. 13-1, pg. 1, and Ex. B); (Counterclaims, ECF 13 ¶¶ 25-26).  Zuchaer further represented in the Flowerdale Assignment that Z&Z "is the sole legal and beneficial

Case 1:20-cv-08704-JMF Document 24-1 Filed 03/15/21 Page 2 of 3
Case 1:20-cv-08703-VM Document 24-1 Filed 03/15/21 Page 2 of 3

SIMON∎LESSER PC

Page 2 of 3

owner[] of the [Flowerdale] interests," had "good title to [them]" and "full power and authority to transfer [them]" and "consummate the transactions contemplated hereby." (Flowerdale Assignment, ECF Doc. 13-1 ¶ 3); (Counterclaims, ECF 13 ¶ 26).

On April 23, 2020, Project Verte received notice from Yehuda that Flowerdale did not own Tract 3 on the Survey, and that Zuchaer had wrongfully transferred Flowerdale's ownership of the two other Tracts on the Survey (Tracts 1 and 2) from the entity Zuchaer shared with Yehuda, Zuchaer & Zuchaer Consulting, Inc., to Z&Z, and that Z&Z had no right to enter into the Flowerdale Assignment. Shortly thereafter, Project Verte commenced legal action against the Counterclaim Defendants in Delaware Chancery Court for, *inter alia*, recission of the Flowerdale Assignment and Promissory Note. (Counterclaims, ECF Doc. 13 ¶ 67). Following the Counterclaim Defendants' challenge to that court's personal jurisdiction over them, Z&Z commenced the within action and invoked this Court's jurisdiction. Project Verte answered and restated its claims in the Delaware action as Counterclaims herein. (ECF Doc. 13).

A.     **Project Verte has sufficiently alleged personal jurisdiction over Zuchaer**

Your letter asserts that "[t]here is no basis to assert personal jurisdiction over Zuchaer in this action." (ECF Doc. 22, pg. 1). That is incorrect. Under CPLR § 302(a)(1), the Court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent "transacts any business within the state." Under CPLR § 302(a)(2), the Court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent "commits a tortious act within the state." Here, the Promissory Note itself, which Z&Z bases this entire action on, acknowledges that "This Note has been delivered to and accepted by [Z&Z] and will be deemed to be made in the State of New York." (emphasis added).

Moreover, the Counterclaims plead that Kahlon and Zuchaer made material misrepresentations and omissions regarding the entire fraudulent transaction whereby Kahlon received an interest in Project Verte in exchange for "transferring" three (3) Tracts of land to Project Verte, and which was purported to be worth $14 million. (Counterclaims ¶¶ 1-4). Zuchaer directly participated in the fraudulent transaction: he made material misrepresentations in the Flowerdale Assignment which falsely represented that Z&Z was the sole owner of Flowerdale and that Flowerdale was the sole owner, and had clear title and right to assign ownership of, all three (3) Tracts. In fact, Flowerdale did not own Tract 3, and Z&Z did not otherwise have the right to assign Flowerdale's interests in Tracts 1 and 2 to Project Verte in consideration for the Promissory Note Zuchaer induced Project Verte to sign. Zuchaer therefore transacted business, and committed tortious conduct, in the State of New York.

Your citation to *Seaweed, Inc. v. DMA Prod. & Design & Mktg.,* LLC, 219 F. Supp. 2d 551 (S.D.N.Y. 2002) is misplaced. This is not a case where "an individual is sued in his individual capacity but only had contact with New York as an officer of a corporation acting within the scope of his employment." *Id.* at 554. Rather, Zuchaer has been sued for the material misrepresentations he made in the Flowerdale Assignment that induced Project Verte to execute that document and the Promissory Note. Furthermore, a corporate officer or insider is subject to personal jurisdiction under CPLR § 302(a)(1) where it is shown that corporation transacted business in New York as the agent of the officer or insider. This does not require a showing of "formal agency" but only that the corporation "engaged in purposeful activities in the State in relation to [plaintiff's] transaction for the benefit of and with the knowledge and consent of [] the

# SIMON•LESSER PC

defendants and that they exercised some control over [the corporation] in the matter." *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 323 (S.D.N.Y. 1998), *quoting Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 199 (1988).

**B.     Project Verte sufficiently pleaded its fraud Counterclaims against Z&Z and Zuchaer**

Project Verte's fraud Counterclaims are not duplicative of its breach of contract Counterclaim. *See, e.g., First Bank of the Americas v. Motor Car Funding*, 257 A.D.2d 287, 291, 690 N.Y.S.2d 17 (1st Dep't 1999)("If a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, the plaintiff has stated a claim for fraud even though the same circumstances also give rise to the plaintiff's breach of contract claim. Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract (though it may have induced the plaintiff to sign the contract) and therefore involves a separate breach of duty."). Your contention that Project Verte "will be unable to show justifiable reliance" is also misplaced at the pleading stage. Indeed, Project Verte sufficiently alleges reliance (Counterclaims ¶¶ 62, 79) and further specifically alleges that "because Kahlon's son was in charge of Project Verte's executive function, Project Verte could not immediately discover the truth about Kahlon and Zuchaer's misrepresentations and misconduct." (Counterclaims ¶ 32). Your attempt to avoid the materiality of the false statements because some of them were within a "whereas" clause is also wrong. The false statements were the foundation for the entire Flowerdale Assignment. Project Verte otherwise sufficiently particularized the misrepresentations made by Zuchaer. (Counterclaims ¶¶ 24-27, 34, 46, 57, 59-61, 74, 76-78, 85-90).

**C.     Project Verte sufficiently pleaded its breach of contract Counterclaim**

Finally, Project Verte's breach of contract Counterclaim is properly pleaded against Z&Z, and we are willing to withdraw the breach of contract Counterclaim against Zuchaer, individually. Your letter otherwise argues that the foundational representations in the Flowerdale Assignment that Z&Z is "the sole legal and beneficial owner" of Flowerdale and that Flowerdale owned the three (3) Tracts that constitute the defined Property, cannot form the basis of a breach of contract claim. That is wrong; these were clear material breaches of the purpose and terms of the Flowerdale Assignment. Your citation to *Abraham Zion Corp. v. Lebow*, 761 F.2d 93 (2d Cir. 1985) is misplaced as that case concerned Pennsylvania law and a recital that was inconsistent with terms of the agreement. Here, conversely, the subject representations and warranties made in the Flowerdale Assignment were the foundation for the entire Flowerdale Assignment, and were breached because it turns out that Flowerdale did not own Tract 3 and Z&Z did not have the right to enter into the Flowerdale Assignment. (Counterclaims, ECF Doc. 13 ¶¶ 85-90). Your letter also seeks to avoid the allegations that Project Verte received written notice from Yehuda that Flowerdale did not own Tract 3, and that Z&Z had no right to enter into the Flowerdale Assignment. (Counterclaim ¶¶ 45-47). You argue that these are "unsubstantiated allegations." However, on a motion to dismiss, the Court accepts "all factual allegations as true and draws all reasonable inferences in the [pleader's] favor." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005).

I am happy to confer on any further particularization you believe are legitimately warranted, and Project Verte will amend the Counterclaims as appropriate.

Sincerely,

Leonard F. Lesser