UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ZUCHAER & ZUCHAER CONSULTING LLC | : |
| Plaintiff, | : |
| v. | : 20-cv-08703-VM |
| PROJECT VERTE, INC., | : **THIRD PARTY ANSWER OF** |
| | : **JOSSEF KAHLON AND TNJ** |
| Defendant | : **HOLDINGS, INC.** |
| v. | : **WITH COUNTERCLAIMS** |
| ZUCHAER & ZUCHAER CONSULTING, LLC, MOSHE ZUCHAER, JOSSEF KAHLON, and TNJ HOLDINGS, INC. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

By their counsel, Slarskey LLC, and for their answer to the Third Party Complaint filed on January 11, 2021, Jossef Kahlon and TNJ Holdings, Inc., respond as follows

1. Denied, except admitted that the parties agreed to start a business offering technology and fulfillment solutions for retail and ecommerce business.

2. Denied.

3. Denied.

4. Denied.

### COUNTERCLAIM PARTIES

5. Admitted.

6. Admitted that Defendant Kahlon has residences in New York and Florida. Admitted that there is an Order from the Securities and Exchange Commission, which was litigated through the Court of Appeals for the Fifth Circuit, which issued a split-decision including a blistering dissent that criticized the SEC for overreaching, and the trial court for its

opinion, *S.E.C. v. Kahlon*, 873 F.3d 500 (5th Cir. 2017). Respectfully refer the Court to the decision for its entirety. Otherwise denied.

7. Denied.

8. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

9. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

10. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

11. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

12. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

13. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

14. Calls for a legal conclusion to which no response is required. To the extent required, denied.

15. Calls for a legal conclusion to which no response is required. To the extent required, denied.

16. Denied.

17. Admitted that the parties agreed to form a company, which ultimately became Project Verte. Otherwise denied.

18. Denied.

19. Admitted that it took many months after December 2017 to finalize various agreements. Otherwise denied.

20. Denied, except admitted that the Flowerdale Assignment was executed in August 2018.

21. Denied.

22. Denied.

23. Denied.

24. Denied; respectfully refer the Court to the Flowerdale Agreement for its terms.

25. Denied; respectfully refer the Court to the Flowerdale Agreement for its terms.

26. Denied; respectfully refer the Court to the Flowerdale Agreement for its terms.

27. Denied; respectfully refer the Court to the Flowerdale Agreement for its terms.

28. Denied.

29. Denied, except admitted that the basis for the Texas Property was initially recorded on Project Verte's books as an $8 million credit to TNJ and a $2 million credit to the AJ Group.

30. Denied.

31. Denied, except admitted that Khalon's "problems with the SEC" were fully disclosed to Gol and Chaluts from the outset of the parties' business relationship in respect of Project Verte.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied as incomplete or misleading; respectfully refers the Court to the referenced documents for their complete contents.

37. Denied as incomplete or misleading; respectfully refers the Court to the referenced documents for their complete contents.

38. Denied as incomplete or misleading; respectfully refers the Court to the referenced documents for their complete contents.

39. Denied as incomplete or misleading; respectfully refers the Court to the referenced documents for their complete contents.

40. Denied that Kahlon controlled Flowerdale.

41. Denied as incomplete or misleading; respectfully refers the Court to the referenced documents for their complete contents.

42. Denied as incomplete or misleading; respectfully refers the Court to the referenced documents for their complete contents.

43. Denied.

44. Denied.

45. Denied as incomplete or misleading; respectfully refers the Court to the referenced documents for their complete contents.

46. Denied.

47. Denied.

48. Denied.

49. Denied, except admitted that the rezoning request was denied.

50. Denied.

51. Denied.

### FIRST COUNTERCLAIM

52. Repeats and realleges prior responses.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

### SECOND COUNTERCLAIM

68. Defendants repeat and reallege prior responses.

69. Denied.

70. Denied.

71. Denied

72. Denied

73. Denied

74. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

75. Denied

76. Denied

77. Denied

78. Denied

79. Denied

80. Denied

81. Denied

82. Denied

83. Denied

### THIRD COUNTERCLAIM

84. Defendants repeat and reallege prior responses.

85. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

86. Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

87.    Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

88.    Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

89.    Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

90.    Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

91.    Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

92.    Not an allegation against the Kahlon Defendants, so no response is required. To the extent required, denied.

## FIRST AFFIRMATIVE DEFENSE: ARBITRATION

93.    Underlying this dispute is a shareholder dispute between TNJ and the AJ Group, concerning the AJ Group's breach of fiduciary duties to Project Verte and TNJ, improper governance and accounting practices regarding Project Verte, and approval of an unfair convertible note issuance, which TNJ seeks to rescind. That arbitration was filed in May 2020, and is pending before a three-arbitrator panel of the AAA, with a hearing to be conducted in August 2021. The outcome of that dispute, where TNJ is asserting derivative claims against Gol, Chaluts, and the AJ Group — all on behalf of Project Verte — may resolve several of the factual and legal issues pertaining to the allegations against Kahlon and TNJ.

## SECOND AFFIRMATIVE DEFENSE: CONTRIBUTORY NEGLIGENCE

94.     Gol and Chaluts are primarily real estate investors, who were deeply and personally involved in the land improvement and rezoning efforts for the Texas Property, both directly and through their general counsel, Sara Rubenstein, who prepared the transaction documents and the regulatory submissions.

95.     All of the allegations in this action concerning purported "discoveries" by Project Verte, Gol, or Chaluts about the Texas Property were either known, or should have been known to Project Verte, Gol, and Chaluts based upon their contemporaneous diligence of, and participation in, the Texas Property transaction and formation of Project Verte.

96.     In fact, Kahlon and TNJ *relied upon* Project Verte, Gol, and Chaluts to properly diligence and arrange the Texas Property and Flowerdale transactions. Any failure by Project Verte, Gol, Chaluts, or Rubenstein to identify what they purportedly "discovered" after the fact was the result of their own negligence — not any misrepresentations by the Third Party Defendants.

## THIRD AFFIRMATIVE DEFENSE: LACHES

97.     Project Verte, Gol, and Chaluts waited to file this suit until Project Verte's note for the Flowerdale Transaction came due, and then filed the suit solely for the purpose of forestalling its payment obligations to Zuchaer. Plaintiff had all of the pertinent information for its claims available to it for years prior, and did nothing to dispute the terms of the note, or assert these claims or defenses.

## FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL

98. Prior to bringing these third-party claims, Plaintiff brought virtually identical claims in Delaware Chancery Court, *Project Verte v. Zuchaer & Zuchaer Consulting LLC, Jossef Kahlon, TNJ Holdings, Inc., and Moshe Zuchaer*, 2020-0474 (Del. Ch.).

99. Plaintiff tactically, and in bad faith, *dismissed* the claims in Delaware Chancery Court rather than respond to Defendants' motion to dismiss or stay the Complaint — and then reasserted its allegations and claims in this action.

100. Plaintiff should be estopped from pursuing its recycled claims and defenses, here, based upon its abuse of process and forum shopping.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT

101. As noted above, Project Verte has already once brought and dismissed these claims against Jossef Kahlon and TNJ, in Delaware Chancery Court, alleging fraud and — in the previous action — breach of contract, pursuant to the terms of the Project Verte shareholder agreement. There is a real and live controversy between Project Verte, and Jossef Kahlon and TNJ, as to whether and to what extent the notes issued by Project Verte to TNJ are enforceable.

102. In addition, Project Verte should not be permitted as a serial Plaintiff to successively file and dismiss harassing actions against Jossef Kahlon and TNJ based on the same allegations.

103. Jossef Kahlon and TNJ accordingly seek a declaration of their rights pursuant to the terms of the alleged notes issued by Project Verte to TNJ, *i.e.*, a declaratory judgment that the notes are enforceable pursuant to their terms, and that Jossef Kahlon *did not* fraudulently induce the notes.

WHEREFORE, Jossef Kahlon and TNJ Holdings, Inc. seek:

A.     A declaratory judgment that the notes issued by Project Verte to TNJ are enforceable according to their terms;

B.     Declaratory relief determining that Jossef Kahlon did not fraudulently induce the notes;

C.     Attorneys fees, costs, and expenses;

D.     Such other and further relief as the Court determines is warranted.

SLARSKEY LLC

_____
David Slarskey
420 Lexington Avenue, Suite 2525
New York, NY 10170
(212) 658-0661
*Attorneys for Third Party*
*Defendant-Counterclaimants Jossef Kahlon and*
*TNJ Holdings, Inc.*