UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZUCHAER & ZUCHAER CONSULTING LLC,

                Plaintiff,

-against-

PROJECT VERTE INC.,

                Defendant.

---

PROJECT VERTE, INC.,

                Counterclaim-Plaintiff,

-against-

ZUCHAER & ZUCHAER CONSULTING, LLC, MOSHE ZUCHAER, JOSSEF KAHLON, and TNJ HOLDINGS, INC.,

                Counterclaim-Defendants.

---

20-cv-08703-VM

**DECLARATION OF LEONARD F. LESSER**

    Leonard F. Lesser, an attorney duly admitted to practice law before the Courts of the State of New York and this Court, declares the following to be true under penalties of perjury:

    1.    I am a principal of Simon Lesser PC, counsel for Defendant and Counterclaim Plaintiff Project Verte, Inc. ("Project Verte") in this action.

    2.    I submit this Declaration in Support of Project Verte's Request for a Clerk's Certificate of Default against the Counterclaim Defendant TNJ Holdings, Inc. ("TNJ") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1.

    3.    This action was commenced by Plaintiff Zuchaer & Zuchaer Consulting LLC ("Z&Z LLC") by filing a complaint against Project Verte on October 19, 2020. (ECF Doc. 1).

4. On January 11, 2021, Project Verte filed its Answer with Affirmative Defenses and Counterclaims wherein Project Verte brought counterclaims against Z&Z LLC, as well as additional parties named as Counterclaim Defendants, including Counterclaim Defendants Jossef Kahlon ("Kahlon") and TNJ. (ECF Doc. 13).

5. Project Verte's Counterclaims were properly served on Kahlon and TNJ, who filed their Answer to Project Verte's Counterclaims on April 12, 2021. (ECF Doc. 25).

6. On September 1, 2021, the Court issued the initial Civil Case Management and Scheduling Order, which set the deadline for fact discovery to be completed by December 27, 2021. (ECF Doc. 35).

7. On October 28, 2021, David Slarskey, counsel for Kahlon and TNJ, requested an extension of time to serve Kahlon and TNJ's discovery responses to Project Verte's discovery requests served on September 30, 2021 pursuant to the Civil Case Management and Scheduling Order. As a matter of courtesy, I consented to an extension until November 30, 2021.

8. Four days later, on November 1, 2021, Mr. Slarskey moved to withdraw as counsel for Kahlon and TNJ by order to show cause. (ECF Doc. 41). In the Declaration of David Slarskey in Support of the Motion to Withdraw, Mr. Slarskey requested on behalf of TNJ "30 days for TNJ to nominate replacement counsel." (ECF Doc. 41-1).

9. On November 2, 2021, the Court contacted the parties via email to confirm there were no objections to the dismissal of Mr. Slarskey as counsel to Kahlon and TNJ. The Court then granted the Motion to Withdraw and terminated Mr. Slarskey as counsel to Kahlon and TNJ. (ECF Doc. 42).

10. To date, TNJ has failed to retain new counsel.

11. It is well-settled that "a corporation may appear in the federal courts only through licensed counsel." *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006).

12. Moreover, a "corporate defendant's failure to comply with a court's order that the defendant obtain counsel constitutes failure to 'otherwise defend' for the purpose of Rule 55(a) such that an entry of default is justified." *Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc.*, No. 13 Civ. 01629 (LGS), 2013 U.S. Dist. LEXIS 129986, at *5 (S.D.N.Y. July 8, 2013).

13. Here, TNJ, a corporation, has proceeded unrepresented by counsel for over two months in violation of this Court's Order granting TNJ's request for 30 days to find new counsel.

14. The failure of TNJ to retain new counsel and respond to Project Verte's discovery requests has disrupted the discovery schedule and prevented a timely resolution of this action. Indeed, the Court entered an Amended Civil Case Management Plan and Scheduling Order to account for TNJ's failure to retain new counsel and by setting a new deadline for fact discovery completion by March 31, 2022. (ECF Doc. 44).

15. TNJ's failure to retain new counsel constitutes a failure to "otherwise defend" this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. As such, TNJ is in default and the Clerk should issue a Certificate of Default against TNJ.

16. TNJ is a corporation and is therefore not an infant, in the military, or an incompetent person.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 5, 2022

Leonard F. Lesser, Esq.

3