# ROSENBERG & STEINMETZ PC



181 S FRANKLIN AVE, STE 604
VALLEY STREAM, NY 11581

295 MADISON AVENUE, 12TH FL
NEW YORK, NY 10017

212 743-9904
*facsimile*   212 743-9916

WWW.RSPCLAWYERS.COM

September 15, 2022

**_VIA ECF_**
Honorable Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Zuchaer & Zuchaer Consulting LLC. V. Project Verte Inc.*
Index No. 20-CV-08703

Dear Judge Marrero:

We represent Plaintiff and Counterclaim Defendant Zuchaer & Zuchaer Consulting LLC ("Plaintiff") in the above referenced action. Pursuant to Section II.A of Your Honor's Individual Practices, we are writing to request a pre-motion conference for a motion to enforce a settlement agreement reached between Plaintiff and Defendant Project Verte Inc. ("Defendant", together with Plaintiff, the "Parties").

I.    Background

This action was commenced by Plaintiff on October 19, 2020.  The Plaintiff is seeking to collect on a promissory note in the sum of $4 million, executed by Defendant Project Verte Inc. (ECF Doc.No.1-1). The promissory note was given by Defendant as consideration for the transfer of Plaintiff's membership interest in Flowerdale LLC, a Texas Limited Liability Company which owned two tracts of land in Dallas Texas. (See ECF Doc. No. 13-1).

In early June of 2022, Plaintiff's counsel and Defendant's counsel began engaging in settlement discussions. On July 1, 2022, Defendant's counsel sent to Plaintiff's counsel "execution copy" for signatures. (the "Settlement Agreement," see email chain attached as Exhibit "A")[1].  On July 4th, 2022, counsel for both Parties advised each other that they had their clients' signatures. Ex. A.  It was a condition of the Settlement Agreement, that taxes on the subject land be paid by Defendant.  On July 5th, 2022, counsel for Defendant emailed that "the outstanding taxes have been paid" and sent a receipt evidencing said payment. Ex. A.  At that moment there was an enforceable executed and partially performed Settlement Agreement.

---

[1] As this is a pre-motion letter on a motion to enforce settlement in an action where there are more than two parties, Plaintiff is not attaching a copy of the Settlement Agreement.  Upon Court's direction, Plaintiff will provide a copy of the Settlement Agreement for an in-camera review.



Following this, there was initially a delay in exchanging signature pages, as there was a concern whether the appropriate amount of taxes was paid.   This was resolved by July 8, 2022, and Plaintiff's counsel requested an exchange of signature pages.   Counsel for Defendant responded requesting minor revisions to definitions in the Settlement Agreement, despite the fact that a final Settlement Agreement was agreed and executed.  There was some back and forth on the minor revisions and eventually these were resolved as well.  Plaintiff's counsel became concerned with the delay in exchanging signature pages.  Eventually, counsel for the Parties spoke on July 27, 2022, and counsel for Defendant advised that even though he had held a copy of the Settlement Agreement executed by his client, and a special committee had approved the Settlement Agreement, he would not be exchanging the Settlement Agreement.  Allegedly, this was due to objections from the third-party defendant Joseph Kahlon, who was not a party to the Settlement Agreement, but may be a member of Defendant.

The parties had previously agreed to the Settlement Agreement and intended to be bound by the terms thereof. Accordingly, Plaintiff now seeks to bring this motion to enforce the Settlement Agreement.

II.      The Settlement Agreement is a Valid Binding Agreement

A settlement is a contract that, "once entered into…is binding and conclusive." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). A "district court has the power to enforce summarily on motion, a settlement agreement reached in a case that was pending before it," *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, at *1 (2d Cir. 2013). "A party seeking to enforce a purported settlement agreement has the burden of proof to demonstrate that the parties actually entered into such an agreement." Salto v Alberto's Constr., LLC, 2020 US Dist LEXIS 135966, at *10 (SDNY July 31, 2020) (*quoting Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp.2d 329, 335 (S.D.N.Y. Aug 28, 2006)). "Under New York law, the fundamental basis of a valid, enforceable contract is a meeting of the minds of the parties, and, if there is no meeting of the minds on all essential terms, then there is no contract." *Alvarez v. Pronto Pizza & Grill, Inc.*, No. 15-CV-8277 (DF), 2017 U.S. Dist. LEXIS 233025, 2017 WL 11567279, at *1 (S.D.N.Y. Apr. 6, 2017) (*citing Opals on Ice Lingerie v. Body Lines Inc.*, 320 F.3d 362, 371-72 (2d Cir. 2003).

Under New York law, parties are free to enter into a binding contract without memorializing their agreement in a fully executed document. This freedom to contract orally remains even if the parties contemplate a writing to evidence their agreement. In such a case, the mere intention to commit the agreement to writing will not prevent contract formation prior to execution. *Winston v Mediafare Entertainment Corp.*, 777 F2d 78, 80 (2d Cir 1985) (*citing R. G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 74 (2d Cir. 1984)).



The Second Circuit applies a "four-factor test to determine whether a party intended to be bound by the terms of an oral or unsigned settlement agreement: whether (1) 'there has been an express reservation of the right not to be bound in the absence of a writing'; (2) 'there has been partial performance of the contract'; (3) 'all of the terms of the alleged contract have been agreed upon'; and (4) 'the agreement at issue is the type of contract that is usually committed to writing.'" *Sugar v Greenburgh Eleven Union Free Sch. Dist.*, 2020 US Dist LEXIS 74794, at *4 (SDNY Apr. 28, 2020, No. 18 CV 67 (VB)) (*quoting Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985))).

"Ultimately, the analysis turns on the parties' intent, and this can be demonstrated with equal force through their conduct." *Lion-Aire Corp. v Lion Air Installation, Inc.*, 2020 US Dist LEXIS 120938, at *9 (EDNY July 8, 2020, No. 19-CV-3554(JS)(ARL)) (*citing Winston*, 777 F.2d at 81 ("Although neither party expressly reserved the right not to be bound prior to the execution of a document, language in the correspondence does reveal such an intent.")).

Here, the Settlement Agreement clearly passes the four factor *Winston* test. First, in the emails exchanged between counsel, and in the agreement, there was no reservation that parties would not be bound absent a signed writing. In accordance with the Settlement Agreement, on July 5, 2022, Defendants sent proof that they paid the owed taxes on the property. Defendants surely would not have paid these taxes had they not intended to be bound by the terms of the Settlement Agreement. Third, the parties agreed to all the substantive material terms of the contract. On June 30th the parties exchanged a final version of the Settlement Agreement to be signed. In the course of the emails exchanged between counsel for the parties since then, there were only minor, immaterial changes made to the agreement, such as how certain terms should be defined. These disagreements did not materially alter any terms of the agreement. Last, settlement agreements are usually memorialized in writing, but the absence of such signed writing does not mean that there was no intent to be bound by the settlement agreement.

There is no question that the Parties had reached what "what both sides understood to be a final and binding agreement." A "settlement remains binding even if a party has a change of heart." *Jericho Group, Ltd. v Mid-Town Dev. LP*, 816 F App'x 559, 564 (2d Cir 2020) Accordingly, the Court should allow Plaintiffs to file a motion to enforce the Settlement Agreement, or in the alternative treat this letter as a motion and issue a ruling based upon this letter.

Very truly yours,

_____

Rachelle S. Rosenberg

3